# UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WISCONSIN

JOAN M. FONTANAZZA,
*Plaintiff*,

        v.                                    Case No:

BMO U.S. HEALTH AND WELFARE BENEFIT PLAN, and
BMO FINANCIAL CORP.,
*Defendants*.

## COMPLAINT FOR RECOVERY OF BENEFITS UNDER ERISA SECTION 502(a)(1)(B)

Plaintiff, Joan M. Fontanazza ("Plaintiff"), by her attorneys, Bentley Tuffnell Law, S.C., complaining of Defendants BMO U.S. Health and Welfare Benefit Plan (the "Plan") and BMO Financial Corp. (collectively, "Defendant"), alleges as follows:

### INTRODUCTION

1. This is an action for judicial review of an administrative denial of health insurance benefits under an employer-sponsored employee benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*

2. Plaintiff seeks the recovery of medical benefits in the amount of $14,283.31 arising out of medically necessary outpatient reconstructive surgical services performed on April 23, 2024.

3. Prior to the surgery, Defendant Plan's designated Claim Administrator, Blue Cross Blue Shield of Illinois ("BCBSIL"), formally approved the surgical procedures in writing as "medically necessary." Despite this binding prior authorization, and in clear breach of the Plan terms, Defendants denied coverage for the hospital's outpatient operating, recovery room, and medical supply charges, arbitrarily recharacterizing the authorized procedure as "cosmetic" and leaving Plaintiff personally liable for $14,283.31 in hospital bills.

### JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over this action pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), and 28 U.S.C. § 1331, as it arises under the laws of the United States.

5. Venue is proper in the United States District Court for the Eastern District of Wisconsin pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the breach of the Plan occurred in this district. Specifically, Plaintiff resides in this district, underwent

the pre-authorized medical procedures within this district at Froedtert Hospital in Milwaukee County, and was denied the payment of benefits within this district.

6. Plaintiff is cognizant of the "Venue" and "Forum Selection" boilerplate provisions in the Plan's Summary Plan Description asserting that any lawsuit must be brought in Cook County, Illinois. However, because the entire administrative, medical, and clinical transaction occurred at a major healthcare facility located within the Eastern District of Wisconsin, where Plaintiff resides and where her counsel is located, venue is statutorily proper in this judicial district.

7. This action is timely brought within the contractually mandated twelve (12) month "Limitation of Action" period established under the Plan, calculated from the date of the final internal appeal determination dated July 11, 2025.

## PARTIES

8. Plaintiff Joan M. Fontanazza is an individual residing at 10423 W. Concordia Ave., Wauwatosa, Wisconsin 53222. At all times relevant to this Complaint, Plaintiff was a full-time employee of BMO Financial Corp. and an eligible participant in the Plan within the meaning of Section 3(7) of ERISA, 29 U.S.C. § 1002(7).

9. Defendant BMO U.S. Health and Welfare Benefit Plan (Plan No. 507) is an "employee welfare benefit plan" as defined in Section 3(1) of ERISA, 29 U.S.C. § 1002(1). The Plan is self-insured and funded through a trust. The Plan is an entity capable of being sued pursuant to Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1).

10. Defendant BMO Financial Corp. is a Delaware corporation with its principal place of business in Chicago, Illinois, and conducts business operations, employs workers, and maintains offices within the State of Wisconsin. BMO Financial Corp. is the "Plan Sponsor" within the meaning of Section 3(16)(B) of ERISA, 29 U.S.C. § 1002(16)(B), and the designated "Plan Administrator" within the meaning of Section 3(16)(A) of ERISA, 29 U.S.C. § 1002(16)(A).

11. Non-party Blue Cross and Blue Shield of Illinois ("BCBSIL") is a division of Health Care Service Corporation. At all times relevant, BCBSIL acted as the designated "Claim Administrator" for medical benefits under the Plan, exercising delegated discretionary authority to review, make determinations on, and resolve claims and final appeals under the Plan.

## THE ERISA PLAN TERMS AND COVERAGE

12. As a benefit of her employment with BMO, Plaintiff enrolled in and paid premiums for coverage under the Plan.

13. Under the Plan's Physician Benefit Section, surgical procedures performed by a physician in an outpatient hospital setting are covered services, with the Plan paying 80% of the Eligible Charge or Maximum Allowance for Participating Providers after the deductible is met.

14. Under the Plan's Hospital Benefit Section, outpatient surgery and related diagnostic services, operating room charges, recovery room charges, and ancillary hospital services (including surgical dressings, supplies, and drugs) received on the same day as surgery are covered services, with the Plan paying 80% of the Eligible Charge after the deductible is met.

15. Under the Plan's General Provisions, "Participating Providers" have signed agreements with the Claim Administrator to accept the Maximum Allowance or discounted rates as payment in full, and members are held harmless for any administrative or coding discrepancies between the Plan, the Claim Administrator, and the provider. (SPD at 3, 79-80, 142).

16. The Plan excludes coverage for "Cosmetic Surgery and related services and supplies, except for the correction of congenital deformities or for conditions resulting from accidental injuries, scars, tumors, or diseases."

## FACTUAL ALLEGATIONS

### A. Prior Written Authorization and Clinical Necessity

17. In late 2023, Plaintiff's treating physician, Gerald Harris, M.D., diagnosed Plaintiff with severe, bilateral functional blepharoptosis (drooping of the upper eyelids) and upper eyelid skin excess weighting down the lids, severely obstructing her superior visual fields.

18. On or about January 22, 2024, the Plan's Claim Administrator, BCBSIL, issued a formal, written pre-determination/prior authorization approval letter to Plaintiff (Request ID: U24008AAJV).

19. The written approval certified that the following surgical procedures were "medically necessary" and approved for coverage:

- **CPT 15823:** Blepharoplasty, upper eyelid; with excessive skin weighting down lid.

- **CPT 67908:** Repair of blepharoptosis; conjunctivo-tarso-Muller's muscle-levator resection.

20. The prior written authorization explicitly certified that these services were approved for an outpatient treatment setting at Froedtert Hospital (a Participating Provider), with an effective coverage window from January 31, 2024, through April 30, 2024.

## B. The Surgical Event and Hospital Billing

21. In direct reliance on the written prior authorization issued by BCBSIL on behalf of the Plan, Plaintiff underwent the approved outpatient surgery at Froedtert Hospital in Milwaukee County, Wisconsin, on April 23, 2024—well within the window of the prior authorization. The surgery was performed by Dr. Gerald Harris.

22. Froedtert Hospital billed a total of $14,283.31 in facility, operating room, recovery room, anesthesia, and associated medical supply charges under Claim No. 020242216216U520H.

23. Froedtert Hospital and Dr. Harris are Participating Providers in the BCBSIL network.

## C. The Post-Service Claim Denial and Appeals

24. On or about March 11, 2025, BCBSIL issued an Explanation of Benefits ("EOB") denying coverage for the entirety of the hospital's $14,283.31 in charges. The EOB stated: "The medical/surgical advisor was contacted for pre-certification prior to the start of your treatment. However, your pre-certification request was not approved. No payment can be made."

25. The claim denial stated in the EOB directly contradicted the prior written authorization (Request ID: U24008AAJV) issued by BCBSIL on January 22, 2024.

26. On May 16, 2025, Plaintiff timely initiated an internal appeal of the claim denial.

27. On July 11, 2025, BCBSIL issued its final appeal determination upholding the complete denial of the $14,283.31 in hospital benefits (Appeal ID No. 534583924).

28. The sole stated justification for the final appeal denial was that Plaintiff's doctor requested a "repair of brow ptosis [brow lift] on 4/23/2024" (billed under CPT code 67900) and that this procedure is "considered cosmetic" under BCBSIL Medical Policy SUR716.004.

29. On the basis of this clinical coding recharacterization, BCBSIL denied not only the brow repair itself but also all associated operating room charges ($9,331.23), recovery room charges ($2,148.00), anesthesia charges ($1,339.00), and surgical drugs/supplies ($1,465.08) required to perform the pre-authorized, medically necessary blepharoplasty and blepharoptosis procedures.

30. Plaintiff has fully exhausted all required administrative and internal appeal remedies provided under the terms of the Plan, as acknowledged by BCBSIL's final denial letter stating: "There was one internal appeal available which has now been exhausted."

## CLAIM FOR RELIEF

## COUNT I

## Recovery of Plan Benefits Under ERISA Section 502(a)(1)(B)

31. Plaintiff repeats and realleges paragraphs 1 through 30 as if fully set forth herein.

32. Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), permits a participant or beneficiary to bring a civil action to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

33. Plaintiff's claims for facility, operating room, recovery room, anesthesia, and medical supply benefits in the amount of $14,283.31 represent covered services under the terms of the Plan.

34. Under the terms of the Plan, Plaintiff had a contractually protected right to receive payment for the hospital's outpatient facility and surgical charges once BCBSIL issued a written prior authorization certifying the surgery as "medically necessary."

35. Defendants' final administrative decision to deny coverage for the outpatient surgery charges was arbitrary, capricious, an abuse of discretion, a breach of the Plan terms, and not supported by substantial evidence in the administrative record because:

a. Defendants are bound by the prior written authorization issued on January 22, 2024 (Request ID: U24008AAJV) certifying that the visual field correction surgery was medically necessary and a covered benefit.

b. Plaintiff reasonably relied on the prior written authorization to her financial and physical detriment by undergoing invasive surgery.

c. Defendants cannot deny the underlying, inescapable facility, recovery, and operating room charges required to perform the pre-authorized, medically necessary procedures on the basis of a subsequent coding misalignment or because a concurrent, ancillary brow adjustment was performed.
d. Denying the entirety of a pre-authorized hospital claim post-service on the ground that the surgery was "cosmetic" represents bad-faith administrative conduct, is inconsistent with prior determinations, and directly violates the covenant of good faith and fair dealing.

36. As a direct and proximate result of Defendants' arbitrary and capricious denial of benefits and breach of the Plan terms, Plaintiff has been deprived of $14,283.31 in medical benefits due to her under the Plan and has been threatened with direct billing and collections from Froedtert Hospital.

37. Pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to an award of reasonable attorneys' fees and costs incurred in bringing this action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Joan M. Fontanazza respectfully requests that this Court enter judgment in her favor and against Defendants BMO U.S. Health and Welfare Benefit Plan and BMO Financial Corp. as follows:

A. Declare that the surgical outpatient facility and supply claims submitted by Froedtert Hospital on behalf of Plaintiff Joan M. Fontanazza under Claim No. 020242216216U520H are covered medical benefits under the Plan;

B. Order Defendants to pay and process Plaintiff's outpatient surgery benefit claim in the amount of $14,283.31 (subject only to standard, in-network member cost-sharing and deductibles), and to pay any applicable interest thereon;

C. Enjoin Defendants, their agents, and non-parties Froedtert Hospital and BCBSIL from pursuing any collections, adverse credit reporting, or billing actions against Plaintiff for the disputed $14,283.31 hospital balance during the pendency of this action and following final judgment;

D. Award Plaintiff her reasonable attorneys' fees and costs of this action pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1); and

E. Award Plaintiff such other, further, and general relief as the Court deems just.

Respectfully submitted this 10 day of July, 2026.

**Attorneys For Plaintiff:**

*/s/ John B. Tuffnell*
John B. Tuffnell, SBN: 1047261
BENTLEY TUFFNELL LAW, S.C.
933 N. Mayfair Road, Suite 325B
Milwaukee, WI 53226
john@tuff-law.com
262-353-9556